## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

CARLOS BRITO,

     Plaintiff,

v.

J.S. PARTNERSHIP, LTD., and EL
GAITERO INVESTMENT CORP d/b/a EL
GAITERO SUPERMARKET II,

     Defendants.

_____/

## COMPLAINT

Plaintiff, CARLOS BRITO, individually and on behalf of all other similarly situated mobility-impaired individuals (hereinafter "Plaintiff"), sues J.S. PARTNERSHIP, LTD., and EL GAITERO INVESTMENT CORP d/b/a EL GAITERO SUPERMARKET II (hereinafter "Defendants"), and as grounds alleges:

### JURISDICTION, PARTIES, AND VENUE

1.    This is an action for injunctive relief, attorneys' fees, litigation expenses, and costs pursuant to 42 U.S.C. § 12181, et seq., (the "Americans with Disabilities Act" or "ADA").

2.    The Court has original jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 12181, et seq. pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

3.    Plaintiff, CARLOS BRITO, is an individual over eighteen years of age, with a residence in Miami-Dade County, Florida, and is otherwise *sui juris.*

4.    At all times material, Defendant, J.S. PARTNERSHIP, LTD., owned and operated a commercial property at 8121 West 8th Avenue, Hialeah, Florida, 33014, (hereinafter the "Commercial Property") and conducted a substantial amount of business in that place of public

accommodation in Miami Dade County, Florida.

5.      At all times material, Defendant, J.S. PARTNERSHIP, LTD., was and is a Florida Limited Partnership registered to conduct business in the State of Florida, with its principal place of business listed in Miami, Florida.

6.      At all times material, Defendant, EL GAITERO INVESTMENT CORP d/b/a EL GAITERO SUPERMARKET II, owned and/or operated a commercial supermarket within the Commercial Property and conducted a substantial amount of business in that place of public accommodation in Miami-Dade County, Florida. Defendant, EL GAITERO INVESTMENT CORP, holds itself out to the public as "EL GAITERO SUPERMARKET II."

7.      At all times material, Defendant, EL GAITERO INVESTMENT CORP was and is a Florida Profit Corporation, organized under the laws of the State of Florida, with its principal place of business in Hialeah, Florida.

8.      Venue is properly located in the Southern District of Florida because Defendants' Commercial Property is located in Miami-Dade County, Florida, Defendants regularly conduct business within Miami-Dade County, Florida, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Miami-Dade County, Florida.

<u>FACTUAL ALLEGATIONS</u>

9.      Although over thirty (30) years have passed since the effective date of Title III of the ADA, Defendants have yet to make their facilities accessible to individuals with disabilities.

10.     Congress provided commercial businesses one and a half years to implement the Act. The effective date was January 26, 1992. In spite of this abundant lead-time and the extensive publicity the ADA has received since 1990, Defendants have continued to discriminate against people who are disabled in ways that block them from access and use of Defendants' property

and the businesses therein.

11.     The ADA prohibits discrimination on the basis of disability in 28 CFR 36.201 and requires landlords and tenants to be liable for compliance.

12.     Plaintiff, CARLOS BRITO, is an individual with disabilities as defined by and pursuant to the ADA. Plaintiff, CARLOS BRITO, is, among other things, a paraplegic (paralyzed from his T-6 vertebrae down) and is therefore substantially limited in major life activities due to his impairment, including, but not limited to, not being able to walk or stand. Plaintiff requires the use of a wheelchair to ambulate

13.     The Plaintiff is a staunch advocate of the ADA. Since becoming aware of his rights, and their repeated infringement, he has dedicated his life to this cause so that he, and others like him, may have full and equal enjoyment of public accommodations without the fear of discrimination and repeated exposure to architectural barriers in violation of the ADA.

14.     He is often frustrated and disheartened by the repetitiveness of the complaints he is forced to make to employees and management at different places of public accommodation over thirty (30) years after the legislation of the ADA, to no avail. The Plaintiff is accordingly of the belief that the only way to affect change is through the mechanisms provided under the ADA.

15.     Defendant, J.S. PARTNERSHIP, LTD., owns, operates, and oversees the Commercial Property, its general parking lot and parking spots specific to the businesses therein, located in Miami Dade County, Florida, that is the subject of this Action.

16.     The subject Commercial Property is open to the public. The individual Plaintiff visits the Commercial Property and businesses located within the commercial property, to include visits to the Commercial Property and business located within the Commercial Property on or about May 23, 2024, and encountered multiple violations of the ADA that directly affected his

ability to use and enjoy the Commercial Property. He plans to return to the Commercial Property within two (2) months of the filing of this Complaint, in order to avail himself of the goods and services offered at the place of public accommodation and check if it has been remediated of the ADA violations he encountered.

17.     The Plaintiff found the Commercial Property and the businesses named herein located within the Commercial Property to be rife with ADA violations. The Plaintiff encountered architectural barriers at the Commercial Property, and businesses named herein located within the Commercial Property, and wishes to continue his patronage and use of each of the premises.

18.     The Plaintiff has encountered architectural barriers that are in violation of the ADA at the subject Commercial Property and businesses located within the Commercial Property. The barriers to access at the Commercial Property, and businesses within, have each denied or diminished Plaintiff's ability to visit the Commercial Property and have endangered his safety in violation of the ADA. The barriers to access, which are set forth below, have likewise posed a risk of injury(ies), embarrassment, and discomfort to Plaintiff, CARLOS BRITO, and others similarly situated.

19.     Defendants, J.S. PARTNERSHIP, LTD., and EL GAITERO INVESTMENT CORP, own and/or operate places of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201 (a) and 36.104. Defendants, J.S. PARTNERSHIP, LTD. and EL GAITERO INVESTMENT CORP, are responsible for complying with the obligations of the ADA. The place of public accommodation where Defendants, J.S. PARTNERSHIP, LTD. and EL GAITERO INVESTMENT CORP, own and/or operate are the Commercial Property and/or Business located at 8121 West 8th Avenue, Hialeah, Florida, 33014.

20.     Defendants, J.S. PARTNERSHIP, LTD. and EL GAITERO INVESTMENT

CORP are jointly liable and responsible for all the violations listed in Count II of this Complaint. Defendant, J.S. PARTNERSHIP, LTD. as landlord of the commercial property is liable for all the violations listed in this Complaint.

21.     Plaintiff, CARLOS BRITO, has a realistic, credible, existing, and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to the described Commercial Property, and with respect to the allegations of this Complaint. Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination at the Commercial Property, in violation of the ADA. Plaintiff desires to visit the Commercial Property and business located therein, not only to avail himself of the services available at the Commercial Property, but to assure himself that the Commercial Property and business therein are in compliance with the ADA, so that he and others similarly situated will have full and equal enjoyment of the Commercial Property without fear of discrimination. Plaintiff Carlos Brito resides approximately twenty-two (22) miles from the Commercial Property and the property is near other businesses Mr. Brito frequently visits.

22.     Defendants have discriminated against the individual Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property and business located therein, as prohibited by 42 U.S.C. § 12182 et seq.

### COUNT I – ADA VIOLATIONS AS TO DEFENDANT J.S. PARTNERSHIP, LTD.

23.     The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 22 above as though fully set forth herein.

24.     Defendant, J.S. PARTNERSHIP, LTD., has discriminated, and continues to discriminate against Plaintiff in violation of the ADA by failing, inter alia, to have accessible

facilities by January 26, 1992 (or January 26, 1993, if Defendants have 10 or fewer employees and gross receipts of $500,000 or less).  A list of the violations that Plaintiff encountered during his visit to the Commercial Property are the following:

Common Areas

   A.  Parking

i.   The required number of accessible parking spaces is not provided, violating Section 4.1.2(5a) and 4.6.1 of the ADAAG and Section 208.2.4 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.   Plaintiff had difficulty exiting the vehicle, as designated accessible parking spaces are located on an excessive slope. Violation: there are accessible parking spaces located on an excessive slope violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable.

iii.   Plaintiff had difficulty exiting the vehicle, as designated accessible parking space access aisles are located on an excessive slope. Violation: there are accessible parking space access aisles located on an excessive slope violating Section 4.6.3 of the ADAAG and Section 502.4 of the 2010 ADA Standards, whose resolution is readily achievable

   B.  Entrance Access and Path of Travel

i.   Plaintiff had difficulty traversing the path of travel, as it is not continuous and accessible. Violation: there are inaccessible routes from the public sidewalk and transportation stop. These are violations of the requirements in Sections 4.3.2(1), 4.3.8, 4.5.1, and 4.5.2 of the ADAAG and Sections 206.2.1, 302.1, 303, and 402.2 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.   Plaintiff had difficulty using ramps, as they are located on an excessive slope. Violation:

ramps at the facility contain excessive slopes, violating Section 4.8.2 of the ADAAG and Section 405.2 of the 2010 ADA Standards, whose resolution is readily achievable.

iii.     Plaintiff had difficulty on the path of travel at the facility, as ramps do not have compliant handrails violating Section 4.8.5 of the ADAAG and Section 405.8 of the 2010 ADA Standards, whose resolution is readily achievable.

iv.     Plaintiff had difficulty traversing the path of travel, as there are cross slopes in excess of 2%. Violation: the path of travel contains excessive cross slopes in violation of Section 4.3.7 of the ADAAG and Section 403.3 of the 2010 ADA Standards, whose resolution is readily achievable.

v.     Plaintiff had difficulty traversing the path of travel, as it was not continuous and accessible. Violation: there are inaccessible routes between sections of the facility. These are violations of the requirements in Sections 4.3.2(2), 4.3, and 4.5 of the ADAAG and Sections 206.2.2, 303, 402 and 403, whose resolution is readily achievable.

vi.     Plaintiff had difficulty entering tenant spaces without assistance, as the entrance thresholds are too high. Violation: there are threshold rises in excess of half (½) inch at the tenant entrances, violating Section 4.13.8 of the ADAAG and Section 404.2.5 of the 2010 ADA Standards, whose resolution is readily achievable.

vii.     There are objects on the path of travel that protrude more than the maximum allowable, violating Section 4.4.1 of ADAAG and Section 307.2 of the 2010 ADA Standards, whose resolution is readily achievable

### COUNT II – ADA VIOLATIONS AS TO DEFENDANTS J.S. PARTNERSHIP, LTD. AND EL GAITERO INVESTMENT CORP

25.     The Plaintiff adopts and re-alleges the allegations set forth in paragraphs 1 through 22 above as though fully set forth herein.

26.     Defendants, J.S. PARTNERSHIP, LTD., and EL GAITERO INVESTMENT CORP, have discriminated, and continue to discriminate, against Plaintiff in violation of the ADA by failing, inter alia, to have accessible facilities by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less).  A list of the violations that Plaintiff encountered during his visit to the Commercial Property and Business, include but are not limited to, the following:

A.  Public Restrooms

i.   There are permanently designated interior spaces without proper signage, violating Section 4.1.3(16) and 4.30 of the ADAAG and Sections 216.2 and 703 of the 2010 ADA Standards, whose resolution is readily achievable.

ii.  Plaintiff had difficulty using the locking mechanism on the restroom door without assistance, as it requires tight grasping. Violation: the restroom door has non-compliant hardware for disabled patrons, violating Sections 4.13.9 & 4.27.4 of the ADAAG and Sections 309.4 & 404.2.7 of the 2010 ADA Standards, whose resolution is readily achievable.

iii. Plaintiff could not transfer to the toilet without assistance, as the grab bars are missing. Violation: the grab bars do not comply with the requirements prescribed in Section 4.16.4 and Figure 29 of the ADAAG and Sections 604.5 and 609 of the 2010 ADA Standards, whose resolution is readily achievable.

iv.  Plaintiff could not use the lavatory without assistance, as the required knee & toe clearances are not provided. Violation: there are lavatories in public restrooms without the required clearances provided, violating the requirements in Section 4.19.2 and Figure 31 of the ADAAG and Sections 306 and 606.2 of the 2010 ADA Standards, whose resolution is

readily achievable.

v.      Plaintiff could not use the mirror, as it is mounted too high. Violation: the mirrors provided in the restrooms are in violation of the requirements in Section 4.19.6 of the ADAAG and Section 603.3 of the 2010 ADA Standards, whose resolution is readily achievable.

vi.     Plaintiff could not use the bar of soap without assistance, as it requires a tight grasp to operate. Violation: the soap requires a tight grasp to use in violation of Section 4.27.4 of the ADAAG and Section 309.4 of the 2010 ADA Standards, whose resolution is readily achievable.

vii.    Plaintiff could not use the toilet without assistance as the seat is not mounted at the required height. Violation: the water closet seats are mounted at a non-compliant height from the floor in violation of Section 4.16.3 of the ADAAG and Section 604.4 of the 2010 ADA Standards, whose resolution is readily achievable.

### RELIEF SOUGHT AND THE BASIS

27.     Plaintiff requests an inspection of the Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA identified in this Complaint in conjunction with Rule 34 and timely notice. Plaintiff requests to be allowed to be physically present at such inspection in conjunction with Rule 34 and timely notice. Plaintiff requests the inspection in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief. The remediations for the ADA violations listed herein are readily achievable.

28.     The individual Plaintiff, and all other individuals similarly situated, have been denied access to and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs, and activities offered by the Defendants, Defendants' building, the

businesses, and facilities therein; and has otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations as set forth above. The individual Plaintiff, and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA, as requested herein. Plaintiff requests the inspection of the barriers listed herein in order to participate in crafting a remediation plan to address Plaintiff's request for injunctive relief.

29.     Defendants have discriminated against the individual Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, Defendants continue to discriminate against Plaintiff, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

30.     Plaintiff is without adequate remedy at law, will suffer irreparable harm, and has a clear legal right to the relief sought.  Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiff. Plaintiff has retained the undersigned counsel and is entitled to recover attorneys' fees, costs, and litigation expenses from Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

31.     Defendants are required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for its place of public

10

accommodation. The Plaintiff and all others similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein.

32.    Notice to a defendant is not required as a result of the defendants' failure to cure the violations by January 26, 1992 (or January 26, 1993, if a Defendant has 10 or fewer employees and gross receipts of $500,000 or less). All other conditions precedent have been met by Plaintiff or waived by the Defendants.

33.    Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff's injunctive relief, including an order to alter the Commercial Property, and the business named herein located within the commercial property, located at and/or within the commercial property located at 8121 West 8th Avenue, Hialeah, Florida, 33014, the exterior areas, and the common exterior areas of the Commercial Property, to make those facilities readily accessible and useable to the Plaintiff and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cure the violations of the ADA.

WHEREFORE, the Plaintiff, CARLOS BRITO, respectfully requests that this Honorable Court issue (i) injunctive relief against Defendants including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; (ii) an award of attorneys' fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205; and (iii) such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Dated: August 6, 2024

Respectfully submitted by,

**GARCIA-MENOCAL, P.L.**
*Attorneys for Plaintiff*
350 Sevilla Avenue, Suite 200
Coral Gables, Fl 33134
Telephone: (305) 553-3464
Primary E-Mail: bvirues@lawgmp.com
Secondary E-Mails: amejias@lawgmp.com
jacosta@lawgmp.com

By:     */s/  Beverly Virues*
            BEVERLY VIRUES
            Florida Bar No.: 123713
            ARMANDO MEJIAS
            Florida Bar No.: 1045152

**THE LAW OFFICE OF RAMON J. DIEGO, P.A.**
*Attorneys for Plaintiff*
5001 SW 74th Court, Suite 103
Miami, FL, 33155
Telephone: (305) 350-3103
Primary E-Mail: rdiego@lawgmp.com
Secondary E-Mail: ramon@rjdiegolaw.com

By:     */s/  Ramon J. Diego*
            RAMON J. DIEGO
            Florida Bar No.: 689203